UNION BANK OF DELAWARE, for the use of BENJAMIN A. JANVIER, *v.* SOLOMON PRETTYMAN.

Where two different parties have judgments against the same defendant, on the younger of which his property is sold and the money brought into court for application ; on an issue to try by a jury what amount, if any, is due on the older judgment, the defendant is not a competent witness to prove that it has been paid ; first, because he is a party to the record of the issue, and secondly, because he is interested in the result of it.

THE Union Bank of Delaware had a judgment in the Superior Court for New Castle County, subsequently endorsed for the use of Benjamin A. Janvier, against Solomon Prettyman, on which a rule had been granted

and an issue directed to try by a jury at the bar of the court, if any, and what amount was due thereon, &c. Preparatory to the trial of the issue and with a view to be used as evidence in the case, the depositions of Solomon Prettyman, the defendant in the judgment, had been taken on a commission issued out of the State for that purpose, and returned and filed in the court. To these depositions exceptions had been filed, and the question now arose as to the competency of the defendant as a witness in the case and the admissibility of his depositions, as evidence on the trial of the issue directed by the court.

*D. M. Bates* for the defendant: The money which was realized on an execution upon the judgment in favor of Wm. A. Budd and others against Solomon Prettyman, having been brought in court for distribution and application, the Union Bank, for the use of Benjamin A. Janvier, claims the money by virtue of a prior execution on its judgment against Prettyman, which we allege has been paid, or discharged; and the court having at the last term reformed the issue as it then stood, to the form in which it now stands between the Union Bank and Prettyman, it is objected on the other side that his deposition is not admissible in evidence on the trial of the issue as thus reformed, because he is a party to the record, and is therefore an incompetent witness in the case.

As the issue originally stood between Budd and others *v.* The Union Bank for the use of Janvier, Prettyman was not a party to the record of it, and had not then, as he has not now, any interest whatever in the decision, or result of it, I contend that the court has no power by their own act in reforming the issue merely, to make him a party to the record in the case, whilst he is out of the jurisdiction of the court and has never come, or been brought into it, either voluntarily, or by

3

the service of its process, so as to exclude his deposition on the ground that he is an incompetent witness as a party to the record, although he has no interest in the result, or decision of the issue. The validity of a judgment as such, cannot be inquired into collaterally, but the question of payment, or discharge of the judgment by matter subsequent to the entry of it, may be inquired into collaterally ; and this is but an effort to do the latter. This is an issue granted at the instance of the creditors of Prettyman, and in which they alone are interested, and in which he has no interest whatever, as he is neither to gain, or lose anything by the event of it, and it is a matter of entire indifference to him to which of the judgments the money may be applicable. And although the general rule is that a party to the record is not competent as a witness, yet if he has no interest in the event of the suit, is not liable for costs, or is not otherwise to be prejudiced, or benefitted by it, he is competent. 1 *Phil. Ev.* 45, *Worrell v. Jones* 20, *Eng. C. L. R.* 178. But out of abundant precaution and to provide against such an objection as this, I caused to be prepared and executed before the commission to take his deposition was executed, a release to him, that in case it should be found on the trial of the issue, that he was bound to the Union Bank for any sum whatever, then he should be discharged from a corresponding amount on the judgment of Budd and others against him.

*James A. Bayard* for the plaintiff: The question whether Prettyman is a party to the record, is to be determined by an inspection of the record, that is to say, by the record itself. The judgment of the Union Bank against him was entered May 14th, 1849, and the use for Janvier was endorsed on the record of it the 26th of November following. The issue to determine what amount, if any, is due upon it, was directed by the court

on the 14th of December 1857, and was reformed at the last term of the court; and if a jury is to be sworn in this issue to determine this question, I ask if they are not to be sworn to try the issue in which Solomon Prettyman is a party? The counsel on the other side has said that there are but two ways in which a party can come into court—voluntarily, and by process of law. But in this case the rule was granted on the voluntary affidavit of Prettyman, and from that moment, for the purposes of this issue, he was voluntarily in court. In reforming the issue the court proceeded on the ground that he should be made a party to it; and had the creditors gone into chancery for relief, they would have had to make him a party, and in such case they could not have made him a witness to prove that this judgment had been paid. A party to the record, though merely a nominal party, cannot be a witness. Such a party though he has little, or no interest in the event of the suit, beyond the costs, is not a competent witness. *De Wolfe v. Johnson*, 10 *Wheat.* 367. He cannot be a witness without the consent of the other party. He may, however, be a witness against his interest, though he cannot be compelled to testify; and that was the ruling in the case cited on the other side from 20 *Eng. C. L. R.* 128. The instrument of writing produced on the other side as a release, cannot be admitted to release the interest of the witness in this case.

*By the Court:* It is our opinion that the exception taken to the deposition must be sustained, and that it will not be admissible in evidence to the jury on the trial of the issue, first, because Prettyman, the deponent, is a party to the record, and secondly, because, he is interested in the event of this issue to the whole extent of the judgment of the Union Bank against him, which he alleges has been discharged and satisfied, and therefore, he is to gain or lose by the result of it. As to the in-

strument produced to relieve him of his incompetancy as a witness, we do not consider it as properly a release of his interest in the result of this case, but rather as an agreement under seal to indemnify him in a specific mode, out of the judgment in favor of Budd and others against him, against any pecuniary loss he may sustain in this case, to the extent of any amount that might be found to be due against him on the judgment in question in favor of the Union Bank. Deposition ruled out; issue abandoned, and rule discharged.